JUDGE SCHOFIELD

14 CV 6917

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CIPRIANI GROUP, INC.,

               Plaintiff,

   -against-

CIPRIANI'S PASTA & SAUCE INC.
and ANNETTE JOHNSON,

               Defendants.

ECF CASE
Civil Action No.

**COMPLAINT FOR
TRADEMARK INFRINGEMENT**

JURY TRIAL DEMANDED

*[stamp: RECEIVED AUG 25 2014 U.S.D.C. S.D.N.Y. CASHIERS]*

---

Plaintiff Cipriani Group, Inc., ("Plaintiff" or "Cipriani Group") for its complaint against the defendants Cipriani's Pasta & Sauce Inc. ("CP&S") and Annette Johnson ("Johnson") (collectively "Defendants"), herein states as follows on knowledge as to Plaintiff and otherwise on information and belief:

<u>INTRODUCTION</u>

1.    Plaintiff is the owner of the world-famous Cipriani restaurants and the "Cipriani Food" line of food and beverage products. Plaintiff owns a family of associated federally registered trademarks that incorporate the term CIPRIANI in relation to restaurants and food and beverage products.

2.    Defendants have been manufacturing, distributing, marketing, promoting, offering for sale and selling food products such as pastas and sauces bearing the confusingly similar mark "Cipriani's," on their own website and through the stores and websites of major national

retailers; Defendants' actions blatantly infringe Plaintiff's federal trademark registrations and will continue to cause irreparable harm to Plaintiff's goodwill and reputation.

## THE PARTIES

3.      Plaintiff Cipriani Group, Inc. is a corporation organized and existing under the laws of the State of New York with an office and principal place of business at 110 East 42nd Street, 3rd Floor, New York, New York, 10017.

4.      Upon information and belief, defendant Cipriani's Pasta & Sauce Inc. is a corporation organized under the laws of the State of Illinois, with a principal place of business at 1025 West End Avenue, Chicago Heights, Illinois, 60411.

5.      Upon information and belief, defendant Annette Johnson is the principal, owner and controlling entity of defendant CP&S, and is therefore responsible for the tortious acts of CP&S.

6.      Upon information and belief, Johnson has a full ownership interest in, operates and/or manages the business of corporate defendant CP&S.

7.      Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interests between and among Johnson and CP&S vis-à-vis the ownership, operation and/or management of the business of CP&S.

8.      Upon information and belief, CP&S is so dominated and controlled by Johnson, such that Defendants may be considered interchangeable with one another.

## JURISDICTION AND VENUE

9.      This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 et seq., and under the statutory and common

laws of the State of New York.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

11.     This Court also has supplemental jurisdiction over the state law and unfair competition claims pursuant to 28 U.S.C. §1367 (a).

12.     CP&S (i) operates a website at <www.ciprianispasta.com> through which it sells its food products to consumers, including consumers in this District, (ii) sells its food products online and in the retail locations of third party vendors such as Walmart and Amazon, through which consumers in this District can purchase Defendants' products, and (iii) is otherwise within the jurisdiction of this Court.

13.     Johnson (i) does business in this district through CP&S and the website <editableeatables.com> including selling products into this District, (ii) has committed tortious acts outside New York that have caused an injury to Plaintiff in New York, and (iii) is otherwise within the jurisdiction of this Court.

14.     Venue is properly placed in this judicial district pursuant to 28 U.S.C. §1391.

<u>BACKGROUND</u>

<u>A. The Popularity, Fame and Trademark Registrations of Cipriani Group</u>

15.      In 1930, Giuseppe Cipriani opened Harry's Bar in Venice, Italy.  The bar soon became the place where Cipriani elegance, good taste, impeccable service and fine food were used to cater to the elite.  As a result, it quickly became a landmark known for luxury and world-class service.

16.     Harry's Bar featured signature menu items such as "carpaccio," ruby red

3

slices of raw beef named after the Venetian masters, and "bellini," a peach nectar cocktail.  These items became international delicacies, and even today the definition of "carpaccio" often makes reference to its "Cipriani" origin.

17.     After World War II, Harry's Bar became celebrated worldwide and served as a veritable second home for famous jetsetters around the world, including Noel Coward, Charlie Chaplin, Queen Elizabeth II of England, Truman Capote, Orson Welles, the Aga Khan, George Braque, Peggy Guggenheim and Aristotle Onassis.  A special martini, the Montgomery, was invented in honor of the restaurant's most frequent and celebrated guest, Ernest Hemingway.  The name Cipriani is known worldwide for elegance, style and elitism in the Venetian tradition.

18.     In 1985, Cipriani's son, Arrigo Cipriani opened Harry Cipriani Fifth Avenue in the exclusive, high-profile Sherry-Netherland Hotel on 5th Avenue in New York City. This establishment is not only a restaurant in the traditional style, but also provides services to the occupants of the Sherry-Netherland.  Like Harry's Bar in Venice, Harry Cipriani Fifth Avenue has attracted thousands of upscale patrons.

19.     Based on the success of Harry Cipriani Fifth Avenue, the Cipriani Group continued in the U.S. by opening several other successful restaurant locations, including Cipriani Downtown in 1996, Cipriani Wall Street in 1997, Cipriani Dolci in 2002, Cipriani 42nd Street in 1998, Cipriani 23rd Street in 2004, Cipriani Club Residences in 2007, and the gourmet food store Cipriani Le Specialita in 2001. Each of these locations bears the CIPRIANI name as its dominant designation, which serves as an indicator of origin to identify and distinguish Plaintiff's services in commerce.

20.     Additionally, Cipriani Group imports, distributes, promotes, offers for sale

4

and sells food items, such as pasta, olive oil, drink concentrates, wine, deserts, etc. with the CIPRIANI name at the Cipriani Restaurants cafés and gourmet food store Cipriani Le Specialita, located at 110 East 42nd Street, New York, New York, under the CIPRIANI FOOD trademark. Cipriani Group distributes its foodstuffs through national independent gourmet food distributors such as Balducci's, Dean & Deluca and Williams Sonoma.

21.     Cipriani Group's activities under the CIPRIANI name have received and continue to receive widespread press attention.  Plaintiff has been featured in articles in Gourmet Magazine, Bon Appetit Magazine, The New York Times and New York Magazine.

22.     Plaintiff's restaurants regularly attract celebrities such as Kim Kardashian, Leonardo DiCaprio, Derek Jeter, Bradley Cooper and Robert DeNiro to movie premiere after-parties, celebrity fundraisers and other star-studded events.  A collection of printouts from the New York Magazine website featuring descriptions of these events are attached as **Exhibit A**. International businesspeople, movie, music and sports stars, super models, nobility, and other luminaries make it a point to patronize and be observed at Cipriani restaurants. The high society events organized and catered by Cipriani Group are famous worldwide for their elegance, impeccable style and good taste in food, décor, and entertainment.

23.     In the U.S. alone, Cipriani Group has derived substantial revenues from its restaurant and catering business, and food items marketed under the CIPRIANI marks.  This revenue and the success of Cipriani Group is due to the goodwill and fame fostered by the style, luxury, reputation, and image that the Cipriani Group has developed and maintains in the goods and services offered under the CIPRIANI marks.

24.     Plaintiff is the owner of the following federally registered trademarks that

incorporate the term CIPRIANI (collectively, the "CIPRIANI Trademarks"), of which copies of the registration certificates are attached as **Exhibit B**:

| **Mark** | **Registration Date and Number** | **First Use Date** | **Goods and/or Services** |
|---|---|---|---|
| HARRY CIPRIANI | March 21, 2000 Reg No. 2,330,449 | November 8, 1985 | restaurant services |
| CIPRIANI FOOD | November 30, 1999 Reg. No. 2,297,069 | June 1997 | meat extracts; preserved dried and cooked fruits and vegetables; jellies; jams; eggs; milk, and other dairy products (excluding ice cream, ice milk and frozen yogurt), edible oils and fats; fruit preserves, pickles; coffee; tea; cocoa; sugar; rice; coffee substitutes; flour and preparations made from cereals, namely, pasta, spaghetti, bread, biscuits, cakes and pastry; confectionery, namely, chocolate, candy, sweets, honey; mustard; pepper; vinegar; sauces; spices; wines, aperitifs, spirits made from corn, rice and fruit, and liqueurs. |
| CIPRIANI DOLCI | July 23, 2002 Reg. No. 2,598,197 | February 2, 2002 | restaurant services |
| CIPRIANI 42ND STREET | June 9, 2009 Reg. No. 3,633,745 | November 12, 1998 | catering services; provision of conference, exhibition and meeting facilities; providing banquet and social function facilities for special occasions |
|  | May 25, 2004 Reg. No. 2,844,146 | December, 1997 | restaurant and catering services |
| CIPRIANI WALL STREET | June 6, 2009 Reg. No. 3,633,746 | December 16, 2004 | catering services; provision of conference, exhibition and meeting facilities; providing banquet and social function facilities for special occasions |

| | | | |
|---|---|---|---|
| CIPRIANI CLUB RESIDENCES | November 22, 2011 U.S. Reg. No. 4,060,246 | 2007 | restaurant, bar and cocktail lounge services |
| CIPRIANI CLUB RESIDENCES | August 20, 2013 U.S. Reg. No. 4,387,342 | November 9, 2005 | restaurant, bar and cocktail lounge services; apartment, home and condominium services, namely, promoting the interests of renters and owners that reside in a community; leasing and rental of apartments, homes and condominiums; real estate brokerage services for apartments, homes and condominiums; real estate development services, namely, the development of residential communities, namely, apartments, homes and condominiums and hotels and commercial properties, namely, industrial building, office and retail space. |
| CARPACCIO ALLA CIPRIANI | March 20, 2007 U.S. Reg No. 3,219,820 | November 1, 1985 | Italian beef dish consisting mainly of thin slices of raw beef and garnish |
| CIPRIANI DOWNTOWN | July 19, 2011 U.S. Reg. No. 3,996,511 | March 1, 1996 | restaurant services |

### B. Defendants' Unlawful Acts and Willful Infringement

25.     Defendants have been manufacturing, distributing, marketing, promoting, offering for sale and selling their food products to unlawfully capitalize on the fame of the CIPRIANI Trademarks.  Defendants have been offering for sale and selling their products online and in the retail locations of national and regional chains such as Walmart, Price Chopper and Giant Eagle.  Copies of listings for Defendants' food products on the websites of Walmart and Giant Eagle supermarket are attached as **Exhibit C**.

26.    Defendants operate a website at <ciprianispasta.com> through which consumers can order their products for shipment anywhere in the United States.  A copy of the product listing page for Defendants' website, which states "Order Online" repeatedly, is attached as **Exhibit D**.

27.    Upon information and belief, Defendants have made a concerted effort to associate their inferior products with Plaintiff's products.

28.    Defendants have established a website <editableeatables.com> that sells customized food products online ("Editable Eatables").  The following is a true and correct clipping from the WHOis database record for <editableeatables.com>, a copy of which is attached in its entirey as **Exhibit E**, with the contact information for the registrant of the website.  The registrant is defendant Johnson, who lists her email address as <sales@ciprianispasta.com>:

```
Registrant Name: Annette Johnson
Registrant Organization: 1
Registrant Street: 1050 Northfield Drive
Registrant City: Aurora
Registrant State/Province: IL
Registrant Postal Code: 60505
Registrant Country: US
Registrant Phone: +1.6307814548
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email:  sales@ciprianispasta.com
```

29.    The following is a true and correct clipping from Defendants' Editable Eatables' webpage for "Pasta and Sauce Dinner," a copy of which is attached in its entirety as **Exhibit F**.  The product description features a photo of Defendants' infringing pasta product next to Plaintiff's Cipriani Food pasta sauce, under Defendants' "Cipriani's Pasta and Sauce" banner and above the text "Est. 1929."  Plaintiff's product features its registered trademark CIPRIANI FOOD and the bartender design that is the central feature of many of Plaintiff's CIPRIANI Trademarks.

8

The product name "Cipriani's" on Defendants' pasta is angled such that it is partially blocked by

Plaintiff's product, so that Plaintiff's CIPRIANI marks are featured.  The product package is on sale

for $3.00, a fraction of the actual price of Plaintiff's authentic product:



30.     This webpage demonstrates Defendants' knowing and willful efforts to

infringe on Plaintiff's superior products and name.

C.  The Irreparable Harm

31.     It has taken decades of dedication, hard work and consistent customer

satisfaction for Plaintiff's CIPRIANI Trademarks to become famous.  Defendants' blatant efforts to

appropriate Plaintiff's business goodwill, name and mark have resulted in Plaintiff being associated

with food products over which Plaintiff has no control.

32.     Plaintiff's CIPRIANI Trademarks are associated with elegance and

sophistication, and Defendants' products are deliberately undermining this reputation and

undercutting Plaintiff's prices to unjustly profit off of Plaintiff's good name.

33.     There is evidence that the unlawful activities of Defendants have resulted in actual confusion amongst consumers as to the source and origin of Defendants' products.

34.     The following is a true and correct clipping from Amazon, the predominant online retailer, of the product page for Defendants' "Cipriani's Pasta Vermicelli Egg Spaghetti Fine, 11.5 Ounce (Pack of 12)," a copy of which is attached in its entirety as **Exhibit G**.  The clipping features Amazon's customary "Frequently Bought Together" section, which shows that consumers have frequently bought Defendants' product in conjunction with Plaintiff's authentic "Cipriani Food Tagliolini Extra Thin Egg Pasta" product.  The clipping also shows in the "Customers Who Viewed This Item Also Viewed" section that consumers are viewing the Plaintiff's authentic "Cipriani Food" products at the same time as Defendants' product:



35.     The aforesaid unlawful activities of Defendants have resulted in confusion in the marketplace and have already caused irreparable harm to the reputation and goodwill of the Plaintiff.

D.     Defendants' Notice of Plaintiff's Rights

36.     Plaintiff filed to register the aforementioned HARRY CIPRIANI mark with the United States Patent and Trademark Office ("U.S.P.T.O.") on January 11, 1994.

37.     Plaintiff filed to register the aforementioned CIPRIANI DOLCI and CIPRIANI FOOD marks with the U.S.P.T.O. on May 5, 1997.

38.     Subsequent to these filings by Plaintiff, Defendants' predecessor-in-interest Cipriani Spaghetti & Sauce Co., Inc. filed to federally register a trademark in CIPRIANI'S for pasta, spaghetti, pasta sauce and spaghetti sauce on June 11, 1997, but failed to respond to an Office Action from the U.S.P.T.O and consequently abandoned the application.

39.     Moreover, Defendants would be on notice of Plaintiff's rights due to Plaintiff's international fame.

40.     In an attempt to resolve this matter, Plaintiff sent a cease and desist letter to Defendants on May 28, 2014, which put Defendants on further notice of Plaintiff's trademark rights.

COUNT I

VIOLATION OF 15 U.S.C. §1114
(Trademark Infringement)

41.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 40 hereof as if fully set forth herein.

42.     Plaintiff is the owner of all right, title and interest in and to the CIPRIANI Trademarks heretofore alleged.

43.     Plaintiff put Defendants on notice of the CIPRIANI Trademarks and despite such notice Defendants have continued their infringing activities.

44.     The foregoing activities of Defendants violate 15 U.S.C. §1114 (a). Customers, prospective customers and the trade are likely to be confused, deceived and misled by Defendants' actions, and to believe that there is an association, sponsorship or endorsement as a consequence of those activities between Defendants and Plaintiff, when in fact there is none.

45.     The foregoing activities of Defendants infringe the valuable trademark rights of Plaintiff in the CIPRIANI Trademarks, for the improper benefit of Defendants.

46.     The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

47.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT II

VIOLATION OF 15 U.S.C. §1125(a)
(False Designation of Origin)

48.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 47 hereof as if fully set forth herein.

49.     The foregoing activities of Defendants infringe the CIPRIANI Trademarks, creating the impression that Defendants' products originate from, are sponsored or endorsed by, or are associated with Plaintiff.

12

50. The foregoing activities of Defendants have caused and will continue to cause the public to believe that Defendants' products originate from, are sponsored or endorsed by, or are associated with Plaintiff.

51. The foregoing activities of Defendants are intended to mislead the public to think that there is an association, sponsorship or endorsement from Plaintiff, and said activities take control of the reputation and goodwill of the CIPRIANI Trademarks away from Plaintiff, the proprietor of the goodwill of the CIPRIANI Trademarks in the United States and elsewhere in the world.

52. The foregoing activities of Defendants constitute a false designation of origin, with the intent to cause confusion and mistake, to deceive and mislead the public, and to improperly benefit from Plaintiff's valuable trademark rights.

53. Plaintiff put Defendants on notice of the CIPRIANI Trademarks and despite said notice Defendants have continued their infringing activities.

54. Defendants' said acts violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT III

VIOLATION OF 15 U.S.C. §1125(c)
(Trademark Dilution)

56.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 55 as if fully set forth herein.

57.     This cause of action arises under the Federal Trademark Dilution Act, 15 U.S.C. §1125(c).

58.     Plaintiff's CIPRIANI Trademarks are famous as that term is defined in 15 U.S.C. §1125(c).  Defendants' said acts in infringing the CIPRIANI Trademarks for its business have diluted, or are likely to, dilute the distinctive quality of the CIPRIANI Trademarks.

59.     Defendants' use of a mark that is substantially similar to the CIPRIANI Trademarks dilutes the distinctive quality of said marks by tarnishing or blurring, and is thereby likely to injure Plaintiff.

60.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT IV

VIOLATION OF 15 U.S.C.  §1125(a)
(Unfair Competition)

61.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 60 hereof as if fully set forth herein.

62.     This cause of action for unfair competition arises under 15 U.S.C. § 1125 (a).

14

63.     Defendants' acts alleged herein constitute unfair competition and will injure the business reputation and business of Plaintiff.

64.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT V

VIOLATION OF 15 U.S.C. §1125(d)
(Cybersquatting)

65.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 64 hereof as if fully set forth herein.

66.     This cause of action for federal trademark cybersquatting arises under 15 U.S.C. §1125(d).

67.     Defendants registered and have maintained a website at the domain name <www.ciprianispasta.com> with knowledge of Plaintiff's rights in the CIPRIANI Trademarks.

68.     Defendants registered and have maintained the said domain name with the intent to divert customers from Plaintiff.

69.     Defendants registered and have maintained this domain name with the intent to profit from the fame and notoriety of the CIPRIANI Trademarks.

70.     Defendants registered and have maintained this domain name despite the fact that they own no intellectual property rights in any portion of the domain name.

71.     For the reasons described herein and to be discovered in this case, Defendants

has acted in bad faith in registering and operating a website at the domain name <www.ciprianispasta.com>.

72.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT VI

VIOLATION OF NEW YORK GEN. BUS. LAW § 360-l
(Injury to Business Reputation)

73.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 72 hereof as if fully set forth herein.

74.     By reason of the practices and acts set forth above, Defendants have injured Plaintiff's business reputation.

75.     The foregoing activities of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

76.     Defendants' wrongful acts violate Section 360-I of the New York General Business Law.

77.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000.

Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT VII

UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

78.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 77 hereof as if fully set forth herein.

79.     The aforesaid activities of Defendants misappropriate and trade upon the fine reputation and goodwill of Plaintiff, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiff to Defendants the benefits rightfully belonging to Plaintiff.

80.     The aforesaid activities of Defendants constitute unfair competition, false advertising and misappropriation as proscribed by the common law.

81.     The aforesaid activities of Defendants have resulted in a likelihood of confusion between Defendants' products and Plaintiff's products and services.

82.     The aforesaid activities of Defendants have caused Plaintiff to sustain monetary damage, loss and injury.

83.     The aforesaid activities of Defendants have been undertaken in bad faith.

84.     Defendants have engaged in and continues to engage in the foregoing activities knowingly and willfully.

85.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm

17

for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

      A.     Finding that Defendants have infringed Plaintiff's trademarks in violation of the Lanham Act, 15 U.S.C. §1114 and 15 U.S.C. § 1125 (a) and Defendants are liable therefor;

      B.     Finding that Defendants' actions constitute dilution of the CIPRIANI Trademarks in violation of the Lanham Act, 15 U.S.C. §1125(c) and Defendants are liable therefor.

      C.     Finding that Defendants' actions constitute a violation of New York General Business Law §360-l and Defendants are liable therefor;

      D.     Finding that Defendants' actions constitute unfair competition and misappropriation under the common law and Defendants are liable therefor;

      E.     Enjoining Defendants, preliminarily during the pendency of this action, and permanently hereafter, from:

          i.     Infringing the CIPRIANI Trademarks in any manner;

          ii.     Misleading the public to think Defendants' products are associated with, sponsored or endorsed by the Plaintiff;

          iii.     Selling their products under the name "Cipriani" or any other name that is likely to cause confusion with Plaintiff's CIPRIANI Trademarks;

          iv.     Registering or operating any domain names that incorporate the CIPRIANI Trademarks or are confusingly similar to the CIPRIANI Trademarks;

      F.     Directing Defendants to deliver to Plaintiff for destruction all promotional

18

or advertising items in their possession that infringe the CIPRIANI Trademarks;

   G. Finding that Defendants' actions constitute a violation of the Lanham Act, 15 U.S.C. §1125 (d) and directing Defendants to transfer to Plaintiff any and all domain name registrations that include the words "ciprianis" including but not limited to the <www.ciprianispasta.com> domain name registration;

   H. Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities;

   I. Awarding Plaintiff its damages from Defendants' wrongful acts;

   J. Awarding Plaintiff three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

   K. Awarding Plaintiff statutory damages;

   L. Awarding Plaintiff's attorneys' fees and costs; and

   M. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all facts so triable.


Dated:   New York, New York
         August 25, 2014


GOTTLIEB, RACKMAN & REISMAN, P.C.

Attorneys for Plaintiff


By:_____
         George Gottlieb (GG-5761)
         ggottlieb@grr.com
         Jonathan M. Purow (JP-0052)
         jpurow@grr.com
         270 Madison Avenue
         New York, New York 10016
         Phone: (212) 684-3900
         Fax:    (212) 684-3999

20