UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIPRIANI GROUP, INC., <br><br>         Plaintiff, <br><br>         v. <br><br> CIPRIANI'S PASTA & SAUCE INC. and <br> ANNETTE JOHNSON, <br><br>         Defendants. | Civil Action No. 14 CV 6917 (LGS) <br><br> <u>ANSWER, AFFIRMATIVE DEFENSES</u> <br> <u>AND COUNTERCLAIM</u> <br><br> JURY TRIAL DEMANDED |

Defendants, Cipriani's Pasta & Sauce Inc. ("CP&S") and Annette Johnson, as their

Answer and Affirmative Defenses to Plaintiff Cipriani Group, Inc.'s ("CGI") Complaint, and as

CP&S's Counterclaim against CGI, state as follows:

<u>INTRODUCTION</u>

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1 of the Complaint, and therefore deny such allegations

on that basis.

2.      Defendants admit that CP&S has manufactured, distributed, marketed, promoted,

offered for sale and sold pasta and sauces under the trademark CIPRIANI'S PASTA & SAUCE,

through the Internet website *www.ciprianispasta.com*. Defendants deny that such actions

constitute infringement of any trademark rights that Plaintiff may have. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 2 of the Complaint, and therefore deny such allegations on that basis.

<u>THE PARTIES</u>

3.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 3 of the Complaint, and therefore deny such allegations on that basis.

4. Admitted.

5. Defendants admit that Annette Johnson is the owner and President of CP&S. Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

6. Defendants admit that Annette Johnson is the owner and President of CP&S. Defendants further admit that Ms. Johnson's duties as President of CP&S include overseeing the management of the operations and business of CP&S. Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

<u>JURISDICTION AND VENUE</u>

9. Defendants admit that this is an action purportedly arising under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 et seq., and under the statutory and common laws of the State of New York, but specifically deny any wrongdoing, infringement or other violation of any such laws.

10. Admitted.

11. Admitted.

12. Defendants admit that CP&S operates a website at the Internet domain name *www.ciprianispasta.com*, and that CP&S has sold its food products to consumers through such website. Defendants deny the remaining allegations of Paragraph 12 of the Complaint.

13. Defendants admit that Annette Johnson is the registrant of the Internet domain name *editableeatables.com*. Defendants deny the remaining allegations of Paragraph 13 of the

Complaint.

14.    Defendants deny the allegations of Paragraph 14 of the Complaint.

## BACKGROUND

### A.  The Popularity, Fame and Trademark Registrations of Cipriani Group

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore deny such allegations on that basis.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore deny such allegations on that basis.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore deny such allegations on that basis.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore deny such allegations on that basis.

19.    Defendants deny the allegations of Paragraph 19 to the extent that Cipriani Group, Inc. is alleged to exist prior to April 10, 1997.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint, and therefore deny such allegations on that basis.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore deny such allegations on that basis.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore deny such allegations on that basis.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore deny such allegations on that basis.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore deny such allegations on that basis.

24.     Defendants admit that CGI is identified as the registrant of the trademark registrations attached as Exhibit B.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint, and therefore deny such allegations on that basis.

### B.  Defendants' Unlawful Acts and Willful Infringement

25.     Defendants admit that Exhibit C appears to show the results of searches for the term "cipriani" on the Internet websites "gianteagle.elsstore.com" and "www.walmart.com", which identify a number of CP&S pasta and sauce products.  Defendants deny the remaining allegations of Paragraph 25 of the Complaint.

26.     Defendants admit that CP&S operates a website at the Internet domain name *ciprianispasta.com*, as shown in Exhibit D.  Defendants also admit that the website provides a link to the website *ciprianispasta.elsstore.com*, through which consumers may order CP&S pasta and sauce products online for shipment in the United States.  In addition, Defendants admit that the portion of the *ciprianispasta.com* website shown in Exhibit D contains multiple "Order

4

Online" buttons. However, none of those buttons currently enable a user to order CP&S pasta and sauce products. Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants admit that Exhibit E appears to show the results of a search for the term *editableeatables.com* on the Internet website *whois.domaintools.com*, that the registrant of the Internet domain name is correctly identified as the Defendant Annette Johnson, and that the registrant's email address and other contact information is as shown in Exhibit E. Defendants further admit that Ms. Johnson took initial steps to establish an online business through the Internet website *editableeatables.com* for the sale of customized products for fundraising, including food products, but deny that any such products have been sold. Defendants deny the remaining allegations of Paragraph 28 of the Complaint.

29. Defendants admit that the *editableeatables.com* website formerly included a webpage as shown in Exhibit F, but deny that the webpage is part of the current website. Defendants also admit that the photo in Exhibit F appears to show a CP&S pasta product and another product that is not manufactured or sold by CP&S, and that the packaging for the CP&S product bears the trademark CIPRIANI'S which is partially obscured by the other product. In addition, Defendants admit that Exhibit F appears to indicate that the products shown are for sale for fundraising purposes in quantity at a unit price of $3.00. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint, and therefore deny such allegations on that basis.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

## C. The Irreparable Harm

31.    Defendants deny that they have appropriated or engaged in any efforts to appropriate the business goodwill, name and mark of CGI or any other party.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint, and therefore deny such allegations on that basis.

32.    Defendants deny that either they or the CP&S pasta and sauce products have undermined or are part of any deliberate effort to undermine or undercut CGI's reputation and the prices of CGI's products.  Defendants also deny that they have unjustly profited off of Plaintiff's name.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint, and therefore deny such allegations on that basis.

33.    Defendants deny that they have engaged in any unlawful conduct as alleged in the Complaint, or that there has been any consumer confusion as to the source and origin of the CP&S pasta and sauce products.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Complaint, and therefore deny such allegations on that basis.

34.    Defendants admit that Exhibit G appears to show a single result from a search for the term "cipriani pasta" on the Internet website "amazon.com", which is the CP&S product "Cipriani's Pasta Vermicelli Egg Spaghetti Fine, 11.5 Ounce (Pack of 12)".  Defendants also admit that Exhibit G includes the headings "Frequently Bought Together" and "Customers Who Viewed This Item Also Viewed".  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint, and therefore deny such allegations on that basis.

35.    Defendants deny the allegations of Paragraph 35 of the Complaint.

D.  Defendants' Notice of Plaintiffs Rights

36.    Defendants admit that the application for trademark Registration No. 2,330,449 for the mark HARRY CIPRIANI has a filing date with the United States Patent and Trademark Office ("USPTO") of January 11, 1994.  Defendants deny the allegations of Paragraph 36 to the extent that Cipriani Group, Inc. is alleged to exist prior to April 10, 1997.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint, and therefore deny such allegations on that basis.

37.    Defendants admit that the applications for trademark Registration Nos. 2,297,069 for the mark CIPRIANI FOODS and 2,598,197 for the mark CIPRIANI DOLCI have filing dates with the USPTO of May 5, 1997.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint, and therefore deny such allegations on that basis.

38.    Defendants admit that federal trademark application Serial No. 75/307,239 was filed on June 11, 1997, for the mark CIPRIANI'S in connection with "pasta, spaghetti, pasta sauce and spaghetti sauce", and that the applicant is Cipriani's Spaghetti & Sauce Co., Inc., a predecessor-in-interest of CP&S.  Defendants further admit that the USPTO issued a Notice of Abandonment in the application for failure to respond to an Office Action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint, and therefore deny such allegations on that basis.

39.    Defendants deny the allegations of Paragraph 39, to the extent that CGI is alleged to be the senior user of the mark CIPRIANI'S or is otherwise alleged to have rights that are superior to Defendants' rights in the mark CIPRIANI'S.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint, and therefore deny such allegations on that basis.

40.     Defendant's admit that they received a letter from CGI's counsel in this action dated May 28, 2014, alleging CGI's purported rights in the CIPRIANI name and the trademark registrations listed on Exhibit B to the Complaint and demanding that CP&S cease use of the name "Cipriani's". Defendants deny the allegations of Paragraph 40, to the extent that CGI is alleged to be the senior user of the mark CIPRIANI'S or is otherwise alleged to have rights that are superior to Defendants' rights in the mark CIPRIANI'S. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint, and therefore deny such allegations on that basis.

COUNT 1

VIOLATION OF 15 U.S.C. $1114<br>(Trademark Infringement)

41.     Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 40 above.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and therefore deny such allegations on that basis.

43.     Defendant's admit that they received a letter from CGI's counsel in this action dated May 28, 2014, alleging CGI's purported rights in the CIPRIANI name and related marks and demanding that CP&S cease use of the name "Cipriani's". Defendants responded to that letter by a letter to CGI's counsel dated July 16, 2014 advising of Defendants' prior use of its marks but received no response or communication from GCI or its counsel until their filing of the Complaint in this action. Defendants deny the remaining allegations of Paragraph 43.

8

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny that any acts undertaken by Defendants required the permission, license or consent of CGI.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

COUNT II

VIOLATION OF 15 U.S.C. §1125(a)
(False Designation of Origin)

48.     Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 47 above.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.

53.     Defendant's admit that they received a letter from CGI's counsel in this action dated May 28, 2014, alleging CGI's purported rights in the CIPRIANI name and related marks and demanding that CP&S cease use of the name "Cipriani's". Defendants responded to that letter by a letter to CGI's counsel dated July 16, 2014, advising of Defendants' prior use of its mark CIPRIANI'S, but received no response or communication from GCI or its counsel until their filing of the Complaint in this action. Defendants deny the remaining allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54 of the Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

9

COUNT III

VIOLATION OF 15 U.S.C. $1125(c)

(Trademark Dilution)

56.    Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 55 above.

57.    Defendants admit that this is an action purportedly arising under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), but specifically deny any wrongdoing, infringement or other violation of any such laws.

58.    Defendants deny the allegations of Paragraph 58 of the Complaint.

59.    Defendants deny the allegations of Paragraph 59 of the Complaint.

60.    Defendants deny the allegations of Paragraph 60 of the Complaint.

COUNT IV

VIOLATION OF 15 U.S.C. §1125(a)
(Unfair Competition)

61.    Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 60 above.

62.    Defendants admit that this is an action purportedly for unfair competition arising under 15 U.S.C. § 1125(a), but specifically deny any wrongdoing, infringement or other violation of any such laws.

63.    Defendants deny the allegations of Paragraph 63 of the Complaint.

64.    Defendants deny the allegations of Paragraph 64 of the Complaint.

10

COUNT V

VIOLATION OF 15 U.S.C. $1125(d)
(Cybersquatting)

65.    Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 64 above.

66.    Defendants admit that this is an action purportedly for federal trademark cybersquatting arising under 15 U.S.C. §1125(d), but specifically deny any wrongdoing, infringement or other violation of any such laws.

67.    Defendants admit that CP&S has registered and maintains a website at the Internet domain name *ciprianispasta.com*. Defendants deny the remaining allegations of Paragraph 67.

68.    Defendants deny the allegations of Paragraph 68 of the Complaint.

69.    Defendants deny the allegations of Paragraph 69 of the Complaint.

70.    Defendants deny the allegations of Paragraph 70 of the Complaint.

71.    Defendants deny the allegations of Paragraph 71 of the Complaint.

72.    Defendants deny the allegations of Paragraph 72 of the Complaint.

COUNT VI

VIOLATION OF NEW YORK GEN. BUS. LAW § 360-1
(Injury to Business Reputation)

73.    Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 72 above.

74.    Defendants deny the allegations of Paragraph 74 of the Complaint.

75.    Defendants deny the allegations of Paragraph 75 of the Complaint.

76.    Defendants deny the allegations of Paragraph 76 of the Complaint.

11

77.     Defendants deny the allegations of Paragraph 77 of the Complaint.

## COUNT VII

## UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

78.     Defendants repeat and incorporate by reference their Answers to Paragraphs 1 through 77 above.

79.     Defendants deny the allegations of Paragraph 79 of the Complaint.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants deny the allegations of Paragraph 81 of the Complaint.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     Defendants deny the allegations of Paragraph 84 of the Complaint.

85.     Defendants deny the allegations of Paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Annette Johnson should be dismissed because Plaintiff has not alleged that Annette Johnson has engaged in any conduct outside of the scope of her position with CP&S or that would otherwise provide any basis for personal liability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for dilution of the

12

CIPRIANI Trademarks.  Plaintiff has not alleged that any of the CIPRIANI Trademarks became famous prior to CP&S's use of the mark CIPRIANI'S, as required under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims for infringement and unfair competition relating to CP&S's use of the mark CIPRIANI'S are barred because CP&S has prior and superior rights in the mark CIPRIANI'S, and may continue to use the mark without interference by Plaintiff.  Since at least as early as 1929, CP&S and its predecessors-in-interest have used and continue to use the mark CIPRIANI'S in connection with Italian restaurant services and/or the manufacture and sale of pasta and pasta sauce.  In contrast, CGI does not assert a date of first use of any of the CIPRIANI Trademarks prior to 1985.  Moreover, on information and belief, CGI was not incorporated until 1997.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims for cybersquatting relating to CP&S's registration and maintenance of a website at the Internet domain name *www.ciprianispasta.com* are barred because CP&S's use of the domain name was not in bad faith.  Since at least as early as 1929, CP&S and its predecessors-in-interest have used and continue to use the mark CIPRIANI'S in connection with Italian restaurant services and/or the manufacture and sale of pasta and pasta sauce.  CP&S has prior and superior rights in the mark CIPRIANI'S.  Therefore, CP&S believed and had reasonable grounds to believe that its registration and use of the Internet domain name *www.ciprianispasta.com* was lawful and not in bad faith.

SIXTH AFFIRMATIVE DEFENSE

As a result of Plaintiff's unreasonable and inexcusable delay in bringing its purported

claims set forth in its Complaint, from the time it first knew or reasonably should have known of such alleged claims, and the resulting material prejudice to CP&S, CGI is barred from recovery under the equitable doctrine of laches.  CP&S and its predecessors-in-interest have openly and notoriously displayed and used the mark CIPRIANI'S in commerce since at least as early as 1929, without objection by CGI.

SEVENTH AFFIRMATIVE DEFENSE

As a result of the same conduct set forth in Defendants' Sixth Affirmative Defense, Plaintiff is barred from recovery under the equitable doctrines of estoppel and/or waiver.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and claims are barred under the doctrine(s) of estoppel, judicial estoppel and/or waiver.  On information and belief, CGI's predecessor-in-interest entered into a settlement agreement dated April 4, 1997, before the U.S. District Court for the Southern District of New York in Civil Action No. 92 Civ. 1686 (MP) leading to dismissal of the case with prejudice by a Court Order of the same date.  That action concerned, *inter alia*, CGI's predecessor's alleged use of marks that are the same or similar to the marks set out in Exhibit B to the Complaint that included the term CIPRIANI and the opposing party's uses of marks also including the term CIPRIANI. No appeal was taken from the April 4, 1997 Order or from the dismissal of Civil Action No. 92 Civ. 1686.  In about August 2006 through March 2007, Plaintiff was made party to a series of Trademark Oppositions including Nos. 91176217 and 91176218 tried before the U.S. Trademark Trial and Appeal Board (TTAB) concerning Plaintiff's attempted registration of marks including CIPRIANI.  In those and other Oppositions, the TTAB issued a final judgment on May 27, 2008, denying Plaintiff's attempted

14

registrations and holding, *inter alia*, that the April 4, 1997 settlement agreement was binding on Plaintiff, its predecessor-in-interest and affiliates, and that the agreement precluded Plaintiff from using or registering the mark CIPRIANI in the United States as a stand-alone mark. The TTAB expressly held:

> Here, the settlement agreement requires applicant to designate its business "as CIPRIANI with the identity of the product or service offered or any other descriptive terms or name." ***This is a very plain restriction of applicant's right to use the term CIPRIANI, and flatly prohibits applicant's use of the term CIPRIANI without the identity of the product or service or other descriptive term or name.*** We see no basis in the words of the agreement for applicant's contention that it may use the term alone without opposers' consent. ***Based on our construction of the settlement agreement, applicant is barred from use of the term CIPRIANI alone. Because applicant may not seek registration of a mark which it cannot use***, opposers are entitled to judgment on its contract estoppel claim. (5/27/08 Opinion at 9-10)(emphasis added).

The TTAB also cited to paragraph 1 of the settlement agreement permitting registration of the mark HOTEL CIPRIANI and other marks containing CIPRIANI by the other party to the New York action and permitting CGI's predecessor to register other marks containing CIPRIANI and other terms. The TTAB's judgment was affirmed on appeal *per curiam* by the U.S. Court of Appeals for the Federal Circuit on August 11, 2009 in Appeal No. 2008-1559.

In view of the foregoing, Plaintiff CGI has waived and/or is estopped to assert any rights in the mark CIPRIANI or its dilution. GCI has further waived and/or is estopped from asserting any likelihood of confusion or dilution concerning its composite mark registrations set out in Exhibit B and their necessarily included descriptive terms and Defendants' mark CIPRIANI'S.

NINTH AFFIRMATIVE DEFENSE

As a result of the same conduct set forth in Defendants' Eighth Affirmative Defense, Plaintiff's Complaint and claims are barred under the doctrine of unclean hands. CGI was on notice of its waiver and estoppel since at least August 2009 and had notice of Defendants' prior

uses of its marks set out in Defendants' July 16, 2014 letter, either or both of which show that CGI brought this action with unclean hands barring the relief sought in its present Complaint and making this an exceptional case brought fraudulently, willfully and/or in bad faith entitling Defendants to their costs and attorneys' fees.

TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any irreparable harm, or other injury or damages to its business or property by reason of any act or omission by Defendants, and does not have the right to maintain claims for damages or other relief against Defendants.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert other defenses as may be warranted as discovery proceeds.

16

## COUNTERCLAIM

As and for its counterclaim against Counter-Defendant Cipriani Group, Inc. ("CGI"), Counter-Claimant Cipriani's Pasta & Sauce Inc. ("CP&S") alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for declaratory judgment, trademark infringement and unfair competition under 28 U.S.C. § 2201, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the laws of the State of Illinois as provided for by the Uniform Deceptive Trade Practices Act 815 ILCS 510/1 et seq., and common law.

2.      This Court has subject matter jurisdiction over the declaratory claims asserted in this Counterclaim as provided for by 28 U.S.C. §§ 2201 and 2202, and over the federal unfair competition claims under 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court has supplemental jurisdiction over the Illinois Uniform Deceptive Trade Practices Act and common law claims, because such claims arise from the same or closely related conduct of Counter-Defendant CGI.

3.      CGI has subjected itself to the personal jurisdiction of this Court, and venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

### PARTIES

4.      Cipriani's Pasta & Sauce Inc. ("CP&S") is a corporation organized under the laws of the State of Illinois, with a principal place of business at 1025 West End Avenue, Chicago Heights, Illinois, 60411.

5.      By the allegations of its Complaint in this action, Cipriani Group, Inc. ("CGI") is a corporation organized under the laws of the State of New York with a principal place of business at 110 East 42nd Street, 3rd Floor, New York, New York, 10017.

17

BACKGROUND

5.    In 1929, John and Mary Cipriani opened Cipriani's Restaurant in Chicago Heights, Illinois, a small family restaurant serving Italian dishes.  At least as early as 1947, as their restaurant became more popular, the Ciprianis expanded their business into the manufacture, bottling and packaging of homemade pasta and pasta sauces, which they sold to local grocery stores, supermarkets and other consumers in Chicago and the surrounding region, including in Indiana and Wisconsin.

6.    The Ciprianis' pasta was and continues to be made by hand and is air-dried naturally, which gives the pasta more character and flavor and results in a higher-quality product compared to commercial pasta which is heat-dried.

7.    The Ciprianis packaged and labeled their pasta and pasta sauce with the mark CIPRIANI'S in distinctive script, as shown in Exhibit D of the Complaint.  The same CIPRIANI'S mark has been used continuously and without interruption to date.

8.    As early as 1955, the Ciprianis purchased a manufacturing facility at 1025 West End Avenue, Chicago Heights, Illinois to produce their pasta and pasta sauce.  This same manufacturing facility has operated continuously to date.  In 1961, the Ciprianis expanded their manufacturing facility and established Cipriani's Spaghetti & Sauce Co., Inc.

9.    In 2004, all assets of Cipriani's Spaghetti & Sauce Co., Inc. were purchased by Annette Johnson, and the company was reorganized as Cipriani's Pasta & Sauce, Inc.  The Chicago Heights facility continued to operate with the same employees, and to manufacture and sell pasta and pasta sauce without interruption during the transition to Cipriani's Pasta & Sauce, Inc.  CP&S continued to use the same packaging for its pasta and pasta sauce, with the same CIPRIANI'S mark.

18

10. CP&S currently sells its pasta and pasta sauce to local supermarkets and grocery stores in Chicago and the surrounding regions of Indiana and Wisconsin -- e.g., Jewel, Dominick's (now Mariano's Fresh Market), Country Squire Food Market, Walt's Food Centers, and Tenuta's. CP&S also sells its pasta and pasta sauce through its Internet website at *www.ciprianispasta.com*, largely to consumers in Chicago and the surrounding regions of Indiana and Wisconsin.

11. CP&S and its predecessors-in-interest, the Ciprianis and Cipriani's Spaghetti & Sauce Co., Inc., have spent significant time, energy, and resources on the advertisement and promotion of their restaurant services, pasta and pasta sauce in Chicago and the surrounding region. In the last 10 years, CP&S has spent approximately $100,000 for the advertising and promotion of its pasta and pasta sauce. CP&S's pasta and pasta sauce have been well-received by consumers and have enjoyed sales of more than $1,000,000 over the last 10 years.

12. By reason of CP&S's advertising and promotion, its long history in the Chicago area, and the high quality and standards of its products, the CIPRIANI'S mark has become well known in Chicago and in the surrounding region, has acquired substantial and valuable goodwill, and is distinctive of CP&S's pasta and pasta sauce, such that consumers automatically associate the CIPRIANI's mark with CP&S.

13. By reason of CP&S's advertising and promotion, and its long history of providing restaurant services, and pasta and pasta sauce in Chicago and the surrounding area, the CIPRIANI's mark has become an asset of substantial value to CP&S.

14. On information and belief, CGI was first incorporated in 1997. By the allegations of its Complaint, CGI is in the business of offering restaurant services and hospitality services, and sells food products, including pasta and pasta sauce.

15.     By the allegations of its Complaint, CGI is owner of various federal trademark registrations identified in Exhibit B of the Complaint (the "CIPRIANI Trademarks"). CGI offers its restaurant services and hospitality services, and sells its food products under one or more of the CIPRIANI Trademarks. None of the CIPRIANI Trademarks is alleged to have been used prior to 1985, long after the CIPRIANI'S mark was first used by CP&S and its predecessors-in-interest.

16.     On information and belief, CGI's predecessor-in-interest entered into a settlement agreement dated April 4, 1997, before the U.S. District Court for the Southern District of New York in Civil Action No. 92 Civ. 1686 (MP) leading to dismissal of the case with prejudice by a Court Order of the same date. That action concerned, *inter alia*, CGI's predecessor's alleged use of marks that are the same or similar to the marks set out in Exhibit B to the Complaint that included the term CIPRIANI and the opposing party's uses of marks also including the term CIPRIANI. No appeal was taken from the April 4, 1997 Order or from the dismissal of Civil Action No. 92 Civ. 1686.

17.     On information and belief, in about August 2006 through March 2007, Plaintiff was made party to a series of Trademark Oppositions including Nos. 91176217 and 91176218 tried before the U.S. Trademark Trial and Appeal Board (TTAB), concerning Plaintiff's attempted registration of marks including CIPRIANI. On May 27, 2008, the TTAB issued a final judgment in those and other Oppositions denying Plaintiff's attempted registrations and holding, *inter alia*, that the April 4, 1997 settlement agreement was binding on Plaintiff, its predecessor-in-interest and affiliates, and that the agreement precluded Plaintiff from using or registering the mark CIPRIANI in the United States as a stand-alone mark. The TTAB expressly held:

> Here, the settlement agreement requires applicant to designate its business "as

20

CIPRIANI with the identity of the product or service offered or any other descriptive terms or name." *This is a very plain restriction of applicant's right to use the term CIPRIANI, and flatly prohibits applicant's use of the term CIPRIANI without the identity of the product or service or other descriptive term or name.* We see no basis in the words of the agreement for applicant's contention that it may use the term alone without opposers' consent. *Based on our construction of the settlement agreement, applicant is barred from use of the term CIPRIANI alone. Because applicant may not seek registration of a mark which it cannot use,* opposers are entitled to judgment on its contract estoppel claim. (5/27/08 Opinion at 9-10)(emphasis added).

The TTAB also cited to paragraph 1 of the settlement agreement permitting registration of the mark HOTEL CIPRIANI and other marks containing CIPRIANI by the other party to the New York action and permitting CGI's predecessor to register other marks containing CIPRIANI and other terms. The TTAB's judgment was affirmed on appeal *per curiam* by the U.S. Court of Appeals for the Federal Circuit on August 11, 2009, in Appeal No. 2008-1559.

18.     On information and belief, CGI has sold and/or distributed its food products to consumers in the Chicago area under one or more of the CIPRIANI Trademarks, including pasta and/or pasta sauce.

19.     On information and belief, counsel for CGI sent a letter to CP&S on May 28, 2014, alleging CGI's purported trademark rights in the CIPRIANI name and related marks, claiming that CP&S's use of the name CIPRIANI'S constituted trademark infringement and unfair competition, and demanding that CP&S cease use of the name CIPRIANI'S.

20.     On July 16, 2014, CP&S sent a letter to counsel for CGI, advising CGI of CP&S's prior rights in the CIPRIANI'S mark and that CP&S was not aware of any sales of CP&S's products outside of the Midwest region.

21.     Despite notice of CP&S's prior and superior rights in the CIPRIANI'S mark, and further despite notice of the April 1997 settlement agreement and May 27, 2008 Final Judgment

and its affirmance on appeal in 2009, CGI nonetheless filed its present Complaint variously alleging trademark infringement and violation of CGI's purported rights in the CIPRIANI Trademarks.

## COUNT I

(Declaratory Judgment of Noninfringement)

22.    CP&S repeats and incorporates by reference Paragraphs 1-21 of its Counterclaim as if fully set forth herein.

23.    Count I is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201, that CP&S's use of the mark CIPRIANI'S does not infringe or violate of any rights that CGI may have in the CIPRIANI Trademarks.

24.    By its Complaint, CGI has asserted claims for infringement, unfair competition, dilution and cybersquatting relating to CGI's alleged rights in the CIPRIANI Trademarks, by CP&S's use of the mark CIPRIANI'S.  Accordingly, an actual and justiciable controversy has arisen and now exists between CP&S and CGI concerning whether CP&S's use of the mark CIPRIANI'S as alleged in the Complaint infringes or violates any rights that CGI claims to have in the CIPRIANI Trademarks.

25.    CP&S has denied CGI's claims of infringement and violation of CGI's alleged rights in the CIPRIANI Trademarks.  CP&S has not infringed nor violated, and is not now infringing nor in violation of any valid rights that CGI may have in the CIPRIANI Trademarks.

26.    CP&S's rights in the mark CIPRIANI'S are prior and superior to any rights that CGI has alleged in the CIPRIANI Trademarks, and CP&S may use the mark CIPRIANI'S without interference from CGI.

27.    Because CGI's above actions have created an actual and justiciable controversy,

CP&S seeks a declaration that its use of the mark CIPRIANI's does not infringe nor otherwise violates any rights that CGI may have in the CIPRIANI Trademarks.

COUNT II

(False Designation Of Origin, 15 U.S.C. § 1125(a))

28. CP&S hereby repeats and incorporates by reference Paragraphs 1-27, as if fully set forth herein.

29. Count II is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. By the allegations of its Complaint, CGI's CIPRIANI'S Trademarks in connection with the sale and distribution of pasta and/or pasta sauce in the Chicago area are the same or confusingly similar to CP&S's CIPRIANI's mark, and constitutes a violation of Section 43(a) of the Lanham Act, in that CGI is using a false designation of origin, or false or misleading representation of fact which is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of CP&S's and CGI's respective goods.

31. On information and belief, CGI had notice of CP&S's prior and superior rights in the CIPRIANI'S mark. Nonetheless, CGI has knowingly and deliberately continued to sell and/or distribute its pasta and pasta sauce products in the Chicago area, and has filed its present Complaint against CP&S.

32. CGI has irreparably injured and will likely continue to injure CP&S by diminishing CP&S's reputation with the public and its customers, and the goodwill in CP&S's CIPRIANI'S mark for which CP&S has no adequate remedy at law.

23

## COUNT III

(State Law Unfair Competition, 815 ILCS 510/1 et seq.)

33.     CP&S hereby repeats and incorporates by reference Paragraphs 1-32, as if fully set forth herein.

34.     Count III is a claim for unfair competition under the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 et seq.

35.     On information and belief and by the allegations of its Complaint, CGI's aforesaid actions constitute unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 et seq.

36.     On information and belief and by the allegations of its Complaint, CGI's aforesaid actions were committed knowingly and willfully, and with the intent to cause confusion, misunderstanding or deception as to the source, sponsorship or approval of CP&S's and CGI's respective goods, and as to CGI's affiliation, connection or association with or certification by CP&S.

37.     CGI's unlawful activities described herein have caused and, unless enjoined by this Court, will continue to cause irreparable damage to CP&S by diminishing CP&S's reputation with the public and its customers, and the goodwill in CP&S's CIPRIANI'S mark, for which CP&S has no adequate remedy at law.

## COUNT IV

(Common Law Unfair Competition)

38.     CP&S hereby repeats and incorporates by reference Paragraphs 1-37, as if fully set forth herein.

39.     Count IV is a claim for unfair competition under the common law of Illinois

40.    On information and belief and by the allegations of its Complaint, CGI's aforesaid actions constitute unfair competition under Illinois common law.

41.    On information and belief, unless enjoined, CGI will continue the aforesaid conduct that has caused, and will continue to cause irreparable injury to CP&S, for which CP&S has no adequate remedy at law.

## COUNT V

(Declaratory Judgment Of Unclean Hands, Waiver and/or Estoppel)

42.    CP&S hereby repeats and incorporates by reference Paragraphs 1-41, as if fully set forth herein.

43.    Count V is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 that GCI's action is barred by the doctrine(s) of unclean hands, estoppel, judicial estoppel and/or waiver.

44.    In view of the terms of the aforementioned April 7, 1997 settlement agreement, the judgment of the U.S. District Court for the Southern District of New York, and/or the 2008 judgment of the TTAB affirmed by the Federal Circuit in 2009 binding on GCI and its predecessors, Defendants are entitled to a declaratory judgment holding that Plaintiff CGI has waived and/or is estopped to assert any rights in the mark CIPRIANI or its dilution.

45.    Defendants are entitled to a declaratory judgment holding that CGI is guilty of unclean hands barring its action based on CGI's prior notice of its waiver and/or estoppel to assert the claims set out in its Complaint and/or Defendants' prior uses of its marks,

46.    Defendants are also entitled to a declaratory judgment finding that CGI was on notice of its waiver and estoppel since at least August 2009, and had notice of Defendants' prior uses of its marks set out in Defendants' July 16, 2014 letter, either or both of which make CGI's

filing of its Complaint in August 2014 an exceptional case brought fraudulently, willfully and/or in bad faith entitling Defendants to their costs and attorneys' fees.

47.    On information and belief, unless enjoined, CGI will continue the aforesaid conduct that has caused, and will continue to cause irreparable injury to CP&S, for which CP&S has no adequate remedy at law requiring dismissal of CGI's complaint with prejudice.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Annette Johnson and Defendant/Counter-Claimant Cipriani's Pasta & Sauce Inc. respectfully pray that:

A.    That CGI's Complaint and each of its Counts be dismissed with prejudice;

B.    That CGI recover nothing from Defendants;

C.    That no injunctive relief be granted to CGI;

D.    For an award to Defendants of their reasonable attorney's fees, costs and expenses incurred in this action as may be provided by law;

E.    That this Court enter a declaratory judgment that CP&S's use of the CIPRIANI's mark does not infringe nor otherwise violates any trademark rights that CGI may have in the CIPRIANI Trademarks;

F.    That this Court enter a judgment in favor of Counter-Claimant CP&S and against Counter-Defendant CGI for trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 et seq., and common law;

G.    That CGI, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and related companies, attorneys and all those controlled by or in

26

active concert or participation with CGI, be preliminarily and permanently enjoined and restrained from:

        i.     Using the mark CIPRIANI and using any of the CIPRIANI trademarks in Chicago and the surrounding region, including Illinois, Indiana and Wisconsin; and

        ii.     doing any other act likely to confuse, mislead or deceive others into believing that CGI or its products and services are affiliated with, connected with, sponsored by, approved by CP&S or its products;

H.     That CGI be required to account for and pay such damages as CP&S has sustained in consequence of CGI's acts of trademark infringement, unfair competition, and deceptive business practices, including, but not limited to, all gains, profits and advantages derived by CGI from such acts, actual damages, CGI's profits, and such other damages as determined by the Court;

I.     That CGI be ordered to pay CP&S treble damages due to the knowing and willful nature of CGI's acts of false advertising and unfair competition under 15 U.S.C. § 1117, and costs and attorney's fees under 815 ILCS 510/3;

J.     That this Court enter a declaratory judgment that CGI is estopped and/or has waived its claims in its Complaint and/or is guilty of unclean hands and entry of an Order dismissing CGI's Complaint with prejudice;

K.     That the Court enter a judgment that this is an exceptional case under 15 U.S.C. § 1117, entitling CP&S to its reasonable attorney's fees;

L.     For punitive damages under the laws of the State of Illinois; and

M.     That the Court grant such other and further relief to Annette Johnson and CP&S as the Court deems just and proper.

## JURY DEMAND

Defendants/Counter-Claimant hereby demand trial by jury on all issues triable to a jury.

Dated: New York, New York
      October 9, 2014

By: _____

Ira N. Glauber (ING 8383)
JAFFE & ASHER LLP
600 Third Avenue
New York, NY 10016
Telephone:  (212)-687-3000
Fax:  (212) 687-9639

- and -

John D. Burke
Brian J. Lum
Heather L. Maly (HM 8214)
ICE MILLER LLP
200 West Madison Street, Suite 3500
Chicago, IL  60606
Telephone:  (312) 726-8147
Facsimile:  (312) 726-6251

Attorneys for Defendants/Counter-Claimant
CIPRIANI'S PASTA & SAUCE INC. and
ANNETTE JOHNSON

28